# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| Michael G. Baldwin and<br>Jonie L. Baldwin, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | Case No. 2:11-CV-162 JVB |
| v. | )<br>) | |
| Cattron Group International, Inc. and,<br>Cattron-Theimeg International, Ltd. | )<br>)<br>) | |
| Defendants. | ) | |

## OPINION AND ORDER

In this diversity lawsuit, Plaintiffs allege that a defective remote control device made by Defendants caused substantial injury to Mr. Baldwin and loss of consortium to Mrs. Baldwin. Plaintiffs allege that Defendants knowingly designed and manufactured a defective remote control device, and failed to warn of a potential malfunction. They claim that Defendants failed to maintain the remote control unit and were negligent. Plaintiffs seek damages for pain and suffering, medical expenses, and loss of consortium.

Defendants moved to dismiss the claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. They maintain that Plaintiffs did not plead specific facts needed to state a claim. They highlight the Complaint did not identify the unit at issue, or allege a specific mechanical or electrical failure. They also maintain Plaintiff's complaint lacks specific allegations of improper workmanship, defective materials, or deviations during manufacturing. Defendants claim this lack of information renders Plaintiff's complaint inadequate under the pleading standards mandated in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

In response to Defendants' Motion to Dismiss, Plaintiffs filed an Amended Complaint with greater specificity. Defendants filed a supplemental brief to their motion to dismiss, arguing that the Amended Complaint continued to lack the factual detail required by *Twombly*, and they ask the Court to dismiss Plaintiff's claims.

In the Amended Complaint, Mr. Baldwin states he used the remote to move a crane during his employment at a steel plant. Mr. Baldwin alleges that he released the unit's controls to stop the crane, but the crane did not stop moving. Mr. Baldwin states that releasing the controls should have stopped the crane, and cites his experience and training with the remote control. He asserts the crane's un-commanded movement caused a large furnace door to swing into him, pinning him against a factory wall and causing substantial, permanent, and painful injury. Mrs. Balwin claims these long-lasting injuries resulted in her loss of consortium.

**A. Pleading Standards**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint "contain a short and plain statement of the claim showing the pleader is entitled to relief." The Supreme Court clarified this standard in *Twombly*, holding that a "complaint must contain enough facts to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 561. Further, a complaint must contain more than conclusory statements or recitation of claim elements. *Id*. at 557. The Seventh Circuit Court of Appeals interprets these findings to mandate three pleading requirements: that the plaintiff puts the defendant on notice regarding her claims; that the court must accept factual allegation as true, but some claims will be so sketchy they fail to provide the defendant notice; and courts should not accept a mere recitation of the elements of a claim as sufficient. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The question the Court should ask

is "could these things have happened" not "did these things happen." *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011).

**B. Plaintiff's Complaint Alleges Sufficient Facts to Show Entitlement to Relief**

In their Amended Complaint, Plaintiffs allege Mr. Baldwin used a remote control unit to control a crane in a steel plant. They maintain the remote control was designed, manufactured, and placed in the stream of commerce by Defendants. Plaintiffs claim the crane failed to respond to Mr. Baldwin's proper operation of the remote control. The crane then collided with other factory equipment, resulting in injury to Plaintiffs.

Defendants counter that Plaintiffs failed to identify a specific design defect or manufacturing error. They maintain that Plaintiffs' claims force them to guess at what defect may be present in the product. They compare this case to a New York district court case, *American Guarantee Life Ins. Co. v. Cirrus Design Corp*, 2010 WL 5480775 (S.D.N.Y. 2010). In that case, a small aircraft suddenly lost altitude and crashed. *Id*. at *1. Witnesses said that the aircraft wobbled before the crash and the pilot appeared to be struggling to control the aircraft. *Id*. at *2. The plaintiff in that case alleged "certain defects" of that airplane model's flight control system caused the crash. *Id*. The court noted the complaint failed to identify a specific component failure of the hundreds that controlled the aircraft's flight surfaces. *Id*. On that basis, the court determined it could not draw a reasonable inference that the claim was plausible, and dismissed the complaint with leave to amend. *Id*. at *4.

The Court finds Plaintiffs' complaint sufficient. Their claim is that Defendant's remote control did not properly respond to Mr. Baldwin's commands, causing injury. The legal theories of relief, namely defects in manufacturing or design, or negligence in maintenance, and others

may be further refined during discovery. Accepting Plaintiff's factual allegations as true, the Court finds that Defendants are put on notice of Plaintiffs' claims, and the allegations are not "so sketchy" that they fail to provide notice to Defendants of the claims at issue. The *Cirrus* case is not binding on the Court and is factually distinguishable. Defendants here do not face a scavenger-hunt through airplane wreckage looking to disprove a design or manufacturing defect among hundreds of components on the basis of third-hand eyewitness reports. The specific sender-receiver unit here is identified, readily discoverable, and Plaintiffs allege specifically that a crane under the unit's control failed to respond to Mr. Baldwin's commands. In short, the Court finds that the answer is "Yes" to the question "Could these things have happened?"

Defendants' Motion to Dismiss (DE 10) is DENIED.

SO ORDERED on August 5, 2011.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE